UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag No. 15-3099 (JBC) |
| v. | : | Hon. James B. Clark, III |
| CLIFFORD W. WARES | : | **CRIMINAL COMPLAINT** |

I, Amy Veivia, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_____
Amy Veivia, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

March 4, 2015                     at      Newark, New Jersey
Date                                         City and State

Honorable James B. Clark, III
United States Magistrate Judge                  _____
Name and Title of Judicial Officer               Signature of Judicial Officer

## ATTACHMENT A

### Count I
### Sexual Exploitation of Children

On or about August 17, 2011, in Passaic County, in the District of New Jersey, and elsewhere, defendant

### CLIFFORD W. WARES

did knowingly employ, use, persuade, induce, entice, and coerce MINOR VICTIM 1 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2.

### Count II
### Travel with Intent to Engage in Illicit Sexual Conduct

In or about June 2011, in Passaic County, in the District of New Jersey, and elsewhere, defendant

### CLIFFORD W. WARES

did knowingly and willfully travel in interstate commerce from New York to Passaic County, New Jersey, for the purpose of engaging in illicit sexual conduct with MINOR VICTIM 2, specifically, a sexual act with a person under the age of eighteen, that would be a violation of Chapter 109A, specifically, Title 18, United States Code, Section 2243(a), if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States.

In violation of Title 18, United States Code, Sections 2423(b) and 2.

## ATTACHMENT B

I, Amy Veivia, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this Affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

**Background**

1. At all times relevant to this Complaint, defendant CLIFFORD W. WARES ("WARES") resided in Warwick, New York.

## Count One
### Sexual Exploitation of Children

2. Beginning in or about August 2011 and continuing through in or about November 2011, WARES communicated via various methods, including email, telephone and Facebook, with a minor female ("MINOR VICTIM 1") who resided in Passaic County, New Jersey.

3. WARES initially contacted MINOR VICTIM 1 using a fake Facebook account that he created in the name of another minor female who was known to MINOR VICTIM 1. WARES, in his assumed role, suggested that MINOR VICTIM 1 should communicate with WARES. Later in their communications, WARES admitted to MINOR VICTIM 1 that he had created several fake Facebook accounts in the names of minor females known to MINOR VICTIM 1.

4. In communications between WARES and MINOR VICTIM 1, MINOR VICTIM 1 told WARES that she was thirteen years old. WARES provided MINOR VICTIM 1 with a false name and false age for himself. WARES was 38 years old at the time.

5. Over the course of August 2011 through November 2011, WARES and MINOR VICTIM 1 communicated via Facebook, telephone, text message and email. WARES regularly sent MINOR VICTIM 1 pornographic images and engaged in sexually explicit communications with MINOR VICTIM 1 on a near daily basis. Throughout this time, WARES asked that MINOR VICTIM 1 send him images and videos of herself nude or engaging in sex acts.

6. In response to his requests, MINOR VICTIM 1 produced images of her genitals for WARES. After receiving such images, WARES asked MINOR VICTIM 1 to produce and send to him additional and very specific images and videos of her genitals. When MINOR 1 did not comply, WARES threatened to kidnap her, send her nude images to her parents and friends and to post her nude images on the Internet.

7. Fearful of WARES's threats, MINOR VICTIM 1 continued to produce images of her genitals for WARES.

8. On or about August 17, 2011, WARES sent MINOR VICTIM 1 three voicemails requesting that she produce and send him child pornography. In the first voicemail, WARES states MINOR VICTIM 1's name and asks that she send a picture of her genitals to an email address that he provides or "just text it to me." He further states in the voicemail, "I gotta see that young [expletive], I am so horny for it."

9. In the second voicemail, also sent August 17, 2011, WARES indicates that he wants to meet up with MINOR VICTIM 1 for sexual intercourse. In the third voicemail, WARES asks MINOR VICTIM 1 to send him an image of MINOR VICTIM 1 performing a sex act.

10. In response to WARES's three voicemails, MINOR VICTIM 1 used her cellular telephone to take and text WARES a close up image of herself seated on a pink carpet with her legs spread and genitals exposed. In the image, MINOR VICTIM 1 used her fingers to further expose her vaginal area.

11. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images described in paragraphs 6, 7 and 10 above were transported and transmitted in interstate commerce and produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

## Count Two
## Interstate Travel to Engage in Illicit Sexual Conduct

12.     Beginning in or about June 2011 and continuing through in or about August 2011, WARES communicated via various methods, including but not limited to an online social networking application, email, telephone and Facebook, with a minor female ("MINOR VICTIM 2") who resided in Passaic County, New Jersey.

13.     MINOR VICTIM 2 first met WARES through an online social networking application in or about June 2011. In their initial communications, MINOR VICTIM 2 told WARES that she was fourteen years old. WARES falsely told MINOR VICTIM 2 that he was 25 years old.

14.     From in or about June 2011 through in or about August 2011, WARES engaged in sexually explicit communications with MINOR VICTIM 2 via Facebook, email and an online social networking application. WARES also regularly sent MINOR VICTIM 2 pornographic images and told her that he was interested in "hanging out" with her.

15.     Within weeks of their initial meeting online, WARES drove from his home in Warwick, New York, to the area of MINOR VICTIM 2's home in Passaic County, New Jersey, and picked up MINOR VICTIM 2 in his vehicle. WARES then drove MINOR VICTIM 2 to a nearby park in Passaic County where he had sexual intercourse with her and had MINOR VICTIM 2 perform a sex act on him.

16.     Approximately one month after their first meeting, WARES traveled again from his home in Warwick, New York, to the area of MINOR VICTIM 2's home in Passaic County, New Jersey, for the purpose of having MINOR VICTIM 2 engage in sex acts.

17.     In the weeks that followed their second meeting and through in or about August 2011, WARES continued to communicate with MINOR VICTIM 2 to set up another meeting with him. When MINOR VICTIM 2 refused to meet him, WARES threatened to kidnap and kill her, saying, in sum and substance, "I know where you live."

18.     In or about November 2011, a search for WARES was conducted via land and helicopter in a park located in Orange County, New York, where he was living in a tent. WARES attempted to flee but was apprehended and taken into custody. Among WARES's possessions upon his arrest were a roll of duct tape, a pair of handcuffs, a knife, and a handwritten list of the names of other minors who were known to MINOR VICTIM 1 and MINOR VICTIM 2.